# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MR. BIRD'S CAR WASH EQUIPMENT, LLC, a Pennsylvania limited liability company, | No. 4:19-CV-01752 |
| Plaintiff, | (Judge Brann) |
| v. | |
| VER-TECH LABS, a Minnesota corporation, | |
| Defendant. | |

## MEMORANDUM OPINION

### MAY 20, 2021

Plaintiff Mr. Bird's Car Wash Equipment, LLC initiated this suit against Defendant Ver-Tech Labs in October 2019 pursuant to this Court's diversity jurisdiction.[1] Plaintiff asserts six contractual claims against Defendant relating to an alleged agreement between the parties. Count VI of the complaint alleges that Defendant is liable for violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL").[2] Defendant subsequently filed a motion to dismiss Count VI of the complaint pursuant to Federal Rule of Civil Procedure 56.[3]

---

[1] Doc. 1.
[2] *Id.*
[3] Doc. 27.

This motion is now ripe for disposition; for the following reasons, Defendant's motion for partial summary judgment is granted.

## I. STANDARD OF REVIEW

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[4] "Facts that could alter the outcome are 'material facts,' and disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct."[5] "A defendant meets this standard when there is an absence of evidence that rationally supports the plaintiff's case."[6] "A plaintiff, on the other hand, must point to admissible evidence that would be sufficient to show all elements of a *prima facie* case under applicable substantive law."[7]

"The inquiry involved in a ruling on a motion for summary judgment or for a directed verdict necessarily implicates the substantive evidentiary standard of proof that would apply at the trial on the merits."[8] Thus, "if the defendant in a run-of-the-mill civil case moves for summary judgment or for a directed verdict based on the lack of proof of a material fact, the judge must ask himself not whether he

---

[4] Fed. R. Civ. P. 56(a).
[5] *Clark v. Modern Grp. Ltd.*, 9 F.3d 321, 326 (3d Cir. 1993) (Hutchinson, J.) (first citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); and then citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).
[6] *Clark*, 9 F.3d at 326.
[7] *Id*.
[8] *Liberty Lobby, Inc.*, 477 U.S. at 252.

thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented."[9] "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."[10] "The judge's inquiry, therefore, unavoidably asks . . . 'whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed.'"[11] The evidentiary record at trial, by rule, will typically never surpass that which was compiled during the course of discovery.

"A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact."[12] "Regardless of whether the moving party accompanies its summary judgment motion with affidavits, the motion may, and should, be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied."[13]

---

[9] *Id.*
[10] *Id.*
[11] *Id. (quoting Schuylkill & Dauphin Imp. Co. v. Munson*, 81 U.S. 442, 447 (1871)).
[12] *Celotex*, 477 U.S. at 323 (internal quotations omitted).
[13] *Id.*

Where the movant properly supports his motion, the nonmoving party, to avoid summary judgment, must answer by setting forth "genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."[14] For movants and nonmovants alike, the assertion "that a fact cannot be or is genuinely disputed" must be supported by: (i) "citing to particular parts of materials in the record" that go beyond "mere allegations"; (ii) "showing that the materials cited do not establish the absence or presence of a genuine dispute"; or (iii) "showing . . . that an adverse party cannot produce admissible evidence to support the fact."[15]

"When opposing summary judgment, the non-movant may not rest upon mere allegations, but rather must 'identify those facts of record which would contradict the facts identified by the movant.'"[16] Moreover, "if a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion."[17] On a motion for summary judgment, "the court need consider only the cited materials, but it may consider other materials in the record."[18]

---

[14] *Liberty Lobby*, 477 U.S. at 250.
[15] Fed. R. Civ. P. 56(c)(1).
[16] *Port Auth. of N.Y. and N.J. v. Affiliated FM Ins. Co.*, 311 F.3d 226, 233 (3d Cir. 2003) (Weis, J.).
[17] Fed. R. Civ. P. 56(e)(2).
[18] Fed. R. Civ. P. 56(c)(3).

Finally, "at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."[19] "There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."[20] "If the evidence is merely colorable . . . or is not significantly probative, summary judgment may be granted."[21]

## II. UNDISPUTED FACTS

Plaintiff is not an individual person, has no family, and does not live in or own a household.[22] Plaintiff purchases products from Defendant solely for the purpose of re-selling those products to other businesses.[23] Both Plaintiff and Defendant are business entities.

## III. DISCUSSION

The Pennsylvania UTPCPL provides that:

> Any *person who purchases* or leases goods or services primarily for *personal, family or household purposes* and thereby suffers any ascertainable loss of money . . . as a result of the use or employment by any person of a method, act or practice declared unlawful by section 3 of this act, may bring a private action to recover actual damages or one hundred dollars ($100), whichever is greater.[24]

---

[19] *Liberty Lobby*, 477 U.S. at 249.
[20] *Id*.
[21] *Id*. at 249–50 (internal citations omitted).
[22] Doc. 29 at ¶¶ 1-3.
[23] *Id.* at ¶ 5.
[24] 73 P.S. § 201-9.2 (emphasis added).

"A cause of action may be brought under the UTPCPL by the government or by a private individual."[25] To state a claim under the UTPCPL, a private individual must establish that: (1) he is a purchaser or lessee; (2) the transaction is dealing with "goods or services"; (3) the good or service was primarily for personal, family, or household purposes; and (4) he suffered damages arising from the purchase or lease of goods or services.[26]

Defendant claims that Plaintiff lacks standing to raise a UTPCPL claim because it cannot satisfy the third criteria. Specifically, Defendants contends that Plaintiff has purchased goods for commercial purposes (resale to consumers), not for personal, household, or family use. Plaintiff maintains that it has satisfied this requirement because the goods it purchases are ultimately sold to consumers who then use them for personal, family, or household purposes. Plaintiff further asserts that the UTPCPL is to be construed liberally and should be interpreted as extending to commercial transactions between sophisticated business entities where one organization intends to resell goods to consumers.

The Court cannot agree. "In construing claims under the [UTPCPL], Pennsylvania courts have distinguished purchases made for business reasons, which are not actionable, from those made for 'personal, family or household

---

[25] *Keller v. Volkswagen of Am., Inc.*, 733 A.2d 642, 646 (Pa. Super. 1999) (citing 73 P.S. §§ 201-4, 201-9.2).
[26] *Id.* (citations omitted).

use.'"[27] Accordingly, in *Balderston v. Medtronic Sofamor Danek, Inc.*, the United States Court of Appeals for the Third Circuit held that a surgeon's purchase of goods, even when later distributed to patients, could not satisfy the personal, family, or household use requirement.[28] Of significance, the Court found no Pennsylvania decision allowing a plaintiff to sue "based on others' 'personal uses.'"[29]

*Balderston* consequently forecloses Plaintiff's claims. Plaintiff has concededly purchased goods from Defendant for the sole purpose of reselling those goods to consumers, who may then arguably use those goods for personal, family, or household purposes. Under *Balderston*, that Plaintiff purchased the good solely for a commercial purpose (resale) is sufficient to reject his claim under the UTPCPL. Moreover, as Pennsylvania courts have recognized, "federal district courts have construed the primary purpose restriction of [the UTPCPL] to preclude a cause of action by one business against another business for various types of unfair competition."[30]

---

[27] *Balderston v. Medtronic Sofamor Danek, Inc.*, 285 F.3d 238, 242 (3d Cir. 2002) (first citing *Weinberg v. Sun Co.*, 777 A.2d 442, 446 (Pa. 2001); and then citing *Trackers Raceway, Inc. v. Comstock Agency, Inc.*, 583 A.2d 1193, 1997 (Pa. Super. 1990)).
[28] *Id.*
[29] *Id.*
[30] *Valley Forge Towers S. Condominium v. Ron-Ike Foam Insulators, Inc.*, 574 A.2d 641, 647 (Pa. Super. 1990) (first citing *Merv Swing Agency, Inc. v. Graham Co.*, 579 F. Supp. 429 (E.D. Pa. 1983); then citing *Zerpol Corp. v. DMP Corp.*, 561 F. Supp. 404 (E.D. Pa. 1983); then citing *Klitzner Indus. V. HK James, Co.*, 535 F. Supp. 1249 (E.D. Pa. 1982); and then citing *Permagrain Prods. v. U.S. Mat & Rubber, Co.*, 489 F. Supp. 108 (E.D. Pa. 1980)), *aff'd* 605 A.2d 798 (Pa. 1992); *see also Waldo v. N. Am. Van Lines*, 669 F. Supp. 722, 726 (W.D. Pa. 1987); *DiLucido v. Terminix Int'l, Inc.*, 676 A.2d 1237, 1242 (Pa. Super. 1996) (determining

As a result, the Court concludes that Plaintiff lacks standing under the UPTCPL. Defendant's motion for partial summary judgment is therefore granted. Count VI of the complaint is dismissed.

**IV. CONCLUSION**

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

that the UTPCPL does not create a private right of action where a landlord seeks to recover on behalf of her tenants but is not acting as their legal representative), *abrogated on other grounds*, *Toy v. Metro. Life Ins. Co.*, 928 A.2d 186, 202 (Pa. 2007).